**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | | **Crim. No. WDQ-09-0183** |
| | * | |
| **v.** | | **Civil No. ________** |
| | * | |
| **KEVIN GLASSCHO** | * | |

* * * * *

**MOTION TO CORRECT**
**<u>SENTENCE UNDER 28 U.S.C. § 2255</u>**

Petitioner, Kevin Glasscho, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On April 21, 2011, this Court sentenced Mr. Glasscho to a term of 151 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court found Mr. Glasscho to be a career offender after adopting the findings of the presentence report that his instant offense, conspiracy to participate in a racketeering enterprise, was a "crime of violence" and that he had at least two qualifying convictions that supported the career offender enhancement. Specifically, the Court found that Mr. Glasscho had prior Maryland convictions for murder and battery, which were deemed "crimes of violence."

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Glasscho is no longer a career offender because his instant offense, conspiracy to participate in a racketeering enterprise, no longer qualifies as a "crime of

violence."[1] Further, his prior Maryland convictions for murder and battery no longer qualify as predicate "crimes of violence" that support the career offender enhancement.

In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining questions here are whether Mr. Glasscho's instant conspiracy conviction and his prior Maryland convictions for murder and battery qualify as "crimes of violence" under the remaining "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). They do not under either clause. Hence, Mr. Glasscho is not a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Mr. Glasscho's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. Glasscho respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

---

[1] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another [known as the force clause]; or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

______/s/________________
PARESH S. PATEL
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June 2016, a copy of the foregoing Motion to Correct Sentence Under 28 U.S.C. § 2255 was delivered via electronic filing to Debra Lynn Dwyer, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland.

_____/s/______________
PARESH S. PATEL
Appellate Attorney